Edward W. BENTZ, Petitioner-Appellant,

v.

UNITED STATES PAROLE BOARD, Respondent-Appellee.

No. 13652.

United States Court of Appeals Seventh Circuit.

June 8, 1962.

Edward W. Bentz, Sandstone, Minn., for appellant.

Louis W. Staudenmaier, Jr., Asst. U. S. Atty., James B. Brennan, U. S. Atty., Milwaukee, Wis., for respondent-appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner, Edward W. Bentz, appeals from an order of the District Court dismissing his petition for a writ of habeas corpus.

On March 23, 1936 petitioner was sentenced to a term of twenty years' imprisonment for bank robbery by the United States District Court for the District of Vermont. He served his full term in the United States Penitentiary, Alcatraz, California, less "good time" allowance of 2,720 days.

On October 10, 1948 petitioner was granted a conditional release from Alcatraz. He was discharged to the custody of a United States marshal on October 4, 1948 and delivered to the Massachusetts State Prison to serve a Massachusetts sentence. He was released from that prison March 12, 1953.

On June 14, 1954 petitioner was sentenced to a term of imprisonment in the Wisconsin State Prison for a crime committed in that state. As a result of the Wisconsin conviction, a warrant for the retaking of petitioner was issued by the United States Board of Parole on the ground that petitioner had violated the conditions of his release from Alcatraz. This warrant was issued June 18, 1954 and was signed by James A. Johnson as a member of the Board of Parole. It was executed February 6, 1962, when petitioner was discharged from the Wisconsin State Prison.

The issue is whether James A. Johnson was a properly constituted member of the Board of Parole on June 18, 1954, when he signed the warrant for the retaking of petitioner.

Petitioner contends the warrant is invalid because Mr. Johnson was not appointed by the President as required by 18 U.S.C. § 4201 but was appointed by the Attorney General.[1]

Mr. Johnson was appointed to the Board by the then Attorney General, Tom C. Clark, on October 13, 1948. This appointment was made pursuant to 18 U.S.C. § 4201 which was enacted June 25, 1948 and which provided that, "A Board of Parole, consisting of five members, shall be appointed by the Attorney General, at a salary of $7,500 each per annum." Thus, unquestionably Johnson's appointment in 1948 by the Attorney General was proper.

Petitioner's confusion apparently stems from his failure to recognize that it was not until September 30, 1950 that Section 4201 was amended as follows:

"There is hereby created in the Department of Justice a Board of Parole to consist of eight members to be appointed by the President, by and with the advice and consent of the Senate. * * * "

There is no indication in the record that Johnson's membership on the Board of Parole was not continuous from October 13, 1948 until his death on September 6, 1954. Consequently, we hold that he was a properly constituted member of the Board on June 18, 1954, and accordingly the warrant for petitioner's retaking is valid.

Furthermore, it appears from an affidavit of a Department of Justice official filed in the District Court, that Johnson was reappointed to the Board of Parole by President Eisenhower in accordance with the provisions of Section 4201, as amended, on August 5, 1953. This appointment followed confirmation by the Senate of Johnson's nomination on August 1, 1953. 99 Cong.Rec. 10747 (1953).

According to the affidavit, Johnson's reappointment by the President was for the term expiring September 30, 1953.

---

1. 18 U.S.C. § 4205 provides that, "A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole, or a member thereof * * *."

No successor was appointed after the expiration of Johnson's term and consequently he continued to serve as a Board member until his death September 6, 1954.[2]

Thus, on June 18, 1954, when the warrant for retaking was signed, Johnson was a legally constituted member of the Board of Parole, whether his appointment is considered to have been by the Attorney General on October 13, 1948 or by the President on August 5, 1953.

The judgment of the District Court denying petitioner's petition for a writ of habeas corpus is affirmed.

2. 18 U.S.C. § 4201 provides that, "Upon the expiration of his term of office, a member of the Board shall continue to act until his successor shall have been appointed and qualified."

Johnson's successor was appointed July 29, 1955.